IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RALPH P FOSTER,

    Plaintiff,

v.                                                  CASE NO. 1:05-cv-00108-MP-AK

SHERIFF STEPHEN OELRICH,
PRISON HEALTH SERVICES INC,

    Defendants.

_____/

## O R D E R

This matter is before the Court on Defendant Stephen Oelrich's ("Sheriff") Motion for Partial Summary Judgment (Doc. 24), to which Plaintiff responded (Doc. 29).  In the motion, the Sheriff moves for summary judgment on Count I, which charges the Sheriff in his official capacity under § 1983 for alleged constitutional violations.  Count II, which charges the Sheriff with negligence under state law, and the claims against the other defendant, Prison Health Services, are unaffected by this motion.  For the reasons given below, the Sheriff's motion is granted.

Plaintiff was serving weekends at the Alachua County Detention Center ("Center") because of a domestic violence charge.  Each weekend, when he arrived at the Center, Plaintiff delivered his hypertension medicine to the Center's employees.  On October 19, 2002, Plaintiff turned his medication over to the Center's employees and reminded them that he was required to take the medicine once in the morning and once in the evening.  Subsequently, on the morning of October 20, 2002, Plaintiff asked for his medicine and was told by the Center's employees that it had been misplaced.  Plaintiff was then directed to return to his cell without taking the medicine.

That afternoon, Plaintiff asked for his medicine, and was again told that it had been lost. Plaintiff was then told to report to his work truck, and he spent the rest of the day pulling and stripping weeds from fences and loading brush onto the truck. Upon returning to the Center, Plaintiff asked for his medicine and was again told by the Center's employees that it had been misplaced. He was instructed to return to his assigned bed quarters.

The next morning, October 21, 2002, while still in the custody of the Center, Plaintiff suffered a seizure, collapsed, and was rushed to the hospital. He was admitted and diagnosed with an intra cranial hemorrhage (hemorrhagic stroke) and uncontrolled hypertension. Plaintiff remained hospitalized as a result of the stroke until November 15, 2002. After his release from the hospital, Plaintiff required assisted living and was moved to Park Meadows Health & Rehab, a rehabilitation center. Plaintiff continued to live there as of July 1, 2005, the date of the complaint.

Plaintiff filed suit, bringing the following claims: (1) violation of civil rights pursuant to 42 U.S.C. § 1983; and (2) negligence pursuant to Florida Statute § 768.28. The Sheriff moved for partial summary judgment as to Plaintiff's claim against the Sheriff, in his official capacity, arguing that Plaintiff merely seeks to hold him liable under a respondeat superior theory, which is not allowed under Monell v. Department of Social Services, 436 U.S. 658, 691 (1978). Plaintiff responded, but did not advance any particular argument opposing the Sheriff's motion. Instead, he merely contended that the United States Supreme Court decision relied upon by the Sheriff is less applicable to the facts of the instant case than a more recent Eleventh Circuit Court of Appeals decision.

It is well established law that a local government or its officials may not be sued under 42

U.S.C. §1983 under a theory of respondeat superior.  Monell v. Department of Social Services, 436 U.S. 658, 691 (1978); McDowell v. Brown, 392 F. 3d 1283, 1289 (11th Cir. 2004).  Instead, to prevail in a civil rights claim under §1983, Plaintiff must establish that the Sheriff had personal involvement in the action or that a causal connection existed between the Sheriff and the action.  *See* City of Canton v. Harris, 489 U.S. 378, 385 (1989); Cottone v. Jenne, 326 F. 3d 1352 (11th Cir. 2003); Brown v. Crawford, 906 F. 2d 667, 671 (11th Cir. 1992).   In the Eleventh Circuit, a causal connection may be proven in any one of three ways.  The Plaintiff must show: (1) that a history of widespread abuse puts the responsible supervisor on notice of deprivation; (2) that a supervisor's custom or policy results in deliberate indifference to constitutional rights; or (3) that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.  Gonzalez v. Reno, 325 F. 3d 1228, 1234-35 (11th Cir. 2003).

　　As an initial matter, it appears undisputed that the Sheriff had no direct participation in the care of Plaintiff while at the Center and had no personal knowledge of his treatment there. Thus, the Plaintiff cannot point to the Sheriff's personal involvement to support § 1983 liability. Likewise, Plaintiff cannot show widespread abuse sufficient to put supervisors on notice.  Such abuse must be "obvious, flagrant, rampant and of continued duration, rather than isolated occurrences."  Braddy v. Florida Dep't of Labor and Employment Sec., 133 F. 3d 797, 802 (11th Cir. 1998).   Plaintiff has not claimed and the record does not provide evidence of  "widespread abuse" such that the Sheriff would be on notice of his employees actions.   The record provides evidence of an isolated incident only; therefore, a causal connection cannot be established through widespread abuse.

Additionally, the record in the instant case is devoid of any evidence establishing a policy or custom of the Center or of the Sheriff whereby the Sheriff may be found liable. The rationale of this second alternative is to ensure that liability hinges on the decision of the legislative body or officials who act for the local government rather than on an isolated occurrence.  *See* Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403-04 (1997).  The action complained of must result from a demonstrated practice.  McDowell, 393 F. 3d at 1290.  As stated above, the isolated nature of Plaintiff's incident prevents Plaintiff from meeting this standard.

Finally, Plaintiff has not provided record evidence supporting the contention that the Sheriff knew or should have known of the action of his employees which violated Plaintiff's constitutional rights.  Simply put, where there are no facts to draw the inference that the Sheriff knew of his employees actions, there can be no liability.  It should also be noted that mere negligence is not sufficient to create a supervisor's liability under §1983.  Bd. of County Comm'rs v. Brown, 520 U.S. at 407; Anderson v. Georgia State Pardons and Parole Bd, 165 Fed. Appx. 726, 729 (11th Cir. 2006).

Plaintiff's response does not improve his position.  While it is true that the facts of the McDowell case parallel those in the instant case more closely than the facts of Monell, the analysis and outcome of McDowell confirm the Sheriff's arguments.  The McDowell panel confirmed that respondeat superior may not be relied upon to hold the municipality defendant liable.  McDowell, 392 F. 3d at 1289.  As the McDowell panel stated, the Sheriff  "does not incur §1983 liability for injuries caused solely by [his] employees.  Nor does the fact that a

plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee infer municipal culpability and causation." Id. (citations omitted).

For the reasons stated above, it is hereby

**ORDERED AND ADJUDGED:**

The Sheriff's Motion for Partial Summary Judgment (doc. 24) is granted, and summary judgment is granted in favor of the Sheriff on the claims in Count I of the Complaint.

**DONE AND ORDERED** this _15th_ day of June, 2006

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge