IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

RALPH P FOSTER,

    Plaintiff,
v.	CASE NO. 1:05-cv-00108-MP-AK

STEPHEN OELRICH,
PRISON HEALTH SERVICES INC,

    Defendants.
_____/

**O R D E R**

This matter is before the Court on Doc. 38, Motion of Defendant, PRISON HEALTH SERVICES, INC. (hereinafter "PHS"), to Set Reasonable Fee for Deposition of Dr. Steven A. Reid, to which plaintiff consents. Plaintiff identified Dr. Steven A. Reid as a neurosurgeon physician who treated him for physical conditions which are the subject of the instant lawsuit. PHS intends to depose Dr. Reid, regarding Dr. Reid's evaluation and treatment of the Plaintiff. After timely and properly noticing Dr. Reid's deposition, Counsel for PHS arrived in Dr. Reid's office, along with counsel for the Plaintiff, a nurse paralegal, and a court reporter, prepared to take Dr. Reid's deposition, with a check made out to Dr. Reid for $450.00 for the one hour deposition. Dr. Reid's office manager advised he would not go forward with the deposition, without payment of $1,000.00 for the one-hour deposition. PHS felt this amount was unreasonable, and now moves the Court to set a reasonable fee pursuant to Fed. R. Civ. P. 26(b)(4)(C).

Under Fed. R. Civ. P. 30(a)(1), "[a] Party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided

in paragraph (2).  The attendance of witnesses may be compelled by subpoena as provided in Rule 45." (none of the exceptions in para. 2 apply in this case).  Rule 45 sets out the procedures for subpoenae, including the duties of a person responding to a subpoena.  Specifically, Fed. R. Civ. P. 45(e) states:

> Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of court from which the subpoena issued.

The power of the Court to issue and enforce subpoenae is modified, however, with regard to expert witnesses, by Fed. R. Civ. P. 26(b)(4)(C).  That rule states:

> Unless manifest injustice would result, (i) the Court shall require that the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision.

In other words, the physician can be subpoenaed to attend the deposition, but the Court must require the defendants to pay him a reasonable fee.

The reasonableness of the fee is within the discretion of the Court and is not necessarily tied to the neurologist's typical hourly rate charged to private patients. For example, the Middle District of Georgia, in Putnal v. Guardian Life Ins. Co. of America, 2005 WL 3532381 (M.D.Ga., 2005) discussed the purpose and limitations of this rule:

> [T]he Court notes that while [the neurologist] is entitled to charge whatever fees he wishes in private matters, assuming he can find patients to pay them, in a public matter he is limited to charging fees that are perceived by the community and members of his profession as being reasonable.  In the courts, [the neurologist's] personal estimate of what is a reasonable fee for his time shall not be the necessary measure of what constitutes an objectively reasonable fee. As aptly expressed by our sister court, "the mandate of Rule 26(b)(4)(c) is not that an adverse expert will be paid his heart's desire, but that he will be paid 'a reasonable fee.'" Anthony v. Abbott Lab., 106 F.R.D. 461, 465 (D.R.I.1985). This remains true even if his participation is involuntary. By holding himself out to treat the medical problems of the general public, even in as rarified a specialty as neurology, [the neurologist] exposes himself to the risk that he will have to give

deposition testimony regarding his patients. That activity is not so unusual as to entitle him to fees which are above those routinely charged by members of his profession or which the opposing party has indicated it is willing to pay.

The district court in <u>Goldwater v. Postmaster General of U.S.</u>, 136 F.R.D. 337 (D.Conn.,1991) suggested that the following factors be considered in determining whether a particular fee request is reasonable within the meaning of Rule 26(b)(4)(C):

(1) the witness's area of expertise;
(2) the education and training that is required to provide the expert insight which is sought;
(3) the prevailing rates of other comparably respected available experts;
(4) the nature, quality and complexity of the discovery responses provided;
(5) the cost of living in the particular geographic area; and
(6) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.

In <u>Putnal</u>, *supra*, the district court held that in December of 2005, $500 per hour was a reasonable fee for a neurologist. Likewise, in <u>Adams v. Memorial Sloan Kettering Cancer Center</u>, 2002 WL 1401979 (S.D.N.Y.,2002), the Court found that $400 per hour was reasonable. Having considered the factors listed above, and the relevant findings of our sister courts, the Court finds that an hourly fee of $450.00 is a reasonable fee in this case. Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

The motion to set fee, doc. 38, is granted, and the Court finds that a reasonable fee for Dr. Reid's deposition in this case is $450.00 per hour.

**DONE AND ORDERED** this  *17th*   day of October, 2006

                 *s/Maurice M. Paul*
                 Maurice M. Paul, Senior District Judge